IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REILLY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | No: 15-cv-7800 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, JERRY DOSKOCZ (Star No. 6573), and STEVE SCHMID (Star No. 3625), | ) ) ) | |
| Defendants. | ) | **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, REILLY JACKSON, by and through one of his attorneys, Mary J. Grieb of Shiller Preyar Law Offices, complaining of Defendants, and in support, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

### THE PARTIES

4. Reilly Jackson is a United States citizen who resides in the Northern District of Illinois.

5. Defendants Chicago Police Officers JERRY DOSKOCZ (Star No. 6573), and STEVE SCHMID (Star No. 3625) (hereinafter "Defendant Officers") are present or former

1

employees of the City of Chicago. Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. Defendants are sued in their individual capacity.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

7. On March 27, 2015, Plaintiff was driving his car on Loomis Street near 54th Street in Chicago, Illinois.

8. At all relevant times, Plaintiff was complying with all laws of the State of Illinois and City of Chicago.

9. Defendant Officers stopped Plaintiff without probable cause or reasonable suspicion to believe he was committing any crime or had committed any crime.

10. Defendant Officers ordered Plaintiff out of the car and then handcuffed him.

11. Plaintiff provided a valid license and current car insurance to Defendant Officers.

12. Defendant Officers searched Plaintiff's car.

13. Defendant Officers did not find anything illegal in Plaintiff's car.

14. Defendant Officers then told Plaintiff they would strip-search him.

15. Defendant Officers put the handcuffed Plaintiff into the back seat of their police car.

16. Defendant Officers attempted to strip search Plaintiff by pulling his pants down.

17. Defendant Officers beat Plaintiff while he was handcuffed, including striking him in the face and violently grabbing him by the foot.

18. Defendant Officers did not find anything illegal on Plaintiff's person.

19. Defendant Officers did not have a legal justification to strip-search or attempt to strip-search Plaintiff.

20. Defendant Officers did not charge Plaintiff with any crime as a result of the stop and search.

21. Defendant Officers did not give Plaintiff a traffic ticket as a result of the stop and search.

22. After Defendant Officers beat Plaintiff, they told Plaintiff to leave the scene.

23. Plaintiff sought medical treatment and was diagnosed with contusions to his face, scalp and neck, contusion to his foot and conjunctival hemorrhage, in addition to other physical injuries.

24. As a result of Defendant Officers' actions, Plaintiff suffered from physical injuries, pain and suffering, and severe emotional damages, including anxiety and fear.

## COUNT I
## 42 U.S.C. § 1983 - Excessive Force

25. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

26. Defendant Officers inflicted violence upon Plaintiff that was excessive, unnecessary, and disproportionate to the need for action under the circumstances.

27. When inflicting violence upon Plaintiff, Defendant Officers were acting under color of state law."

28. As a result of the excessive force inflicted by Defendant Officers, Plaintiff sustained physical injuries as well as emotional damages and pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, attorneys' fees, costs, and medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 - Failure to Intervene

29. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

30. Defendant Officers had a reasonable opportunity to prevent Defendant Officers' use of excessive force against Plaintiff and prevent her injuries but failed to do so.

31. Defendant Officers had a reasonable opportunity to prevent the illegal arrest of Plaintiff but failed to do so.

32. As a result of Defendant Officers failure to intervene, Plaintiff has suffered physical and emotional injuries.

33. Defendant Officers' misconduct was objectively unreasonable.

34. Defendant Officers had a reasonable opportunity to prevent the use of excessive force against Plaintiff, and illegal arrest of Plaintiff, and in intervening prevent grievous injury from being incurred, but failed to do so.

WHEREFORE, Plaintiff demands judgment against all individual Defendant Officers for compensatory damages, punitive damages, costs, and attorneys' fees, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT III
### 42 U.S.C. § 1983 – Unlawful Seizure

35. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

36. Defendant Officers stopped and detained Plaintiff.

37. Defendant Officers did not have a reasonable suspicion that Plaintiff was committing a crime when they stopped and detained him.

38. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, humiliation, mental distress and physical injuries.

40. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## 42 U.S.C. § 1983 – False Arrest

41. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

42. Defendant Officers arrested Plaintiff.

43. Defendant Officers did not have probable cause that Plaintiff was committing a crime when they arrested him.

44. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments.

45. As a result of the false arrest, Plaintiff was injured, including loss of liberty, humiliation, mental distress and physical injuries.

46. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT V
### 42 U.S.C. § 1983 –Unreasonable Search and Seizure

47. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

48. The actions of the Defendant Officers as described above, whereby the manner in which they searched and seized Plaintiff, attempting to strip search him by pulling his pants down, violated the Fourth Amendment to the United States Constitution as applied to state actors through the 14th Amendment.

49. As a result of the unreasonable search and seizure, Plaintiff was injured, including physical injury, loss of liberty, emotional damages, and humiliation

50. The actions of Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VI
### State Claim- Assault

51. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

52. Plaintiff believed that he was in imminent danger of being battered by Defendant Officers, who were acting as agents of the Defendant City of Chicago.

53. Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

54. The acts undertaken by Defendant Officers was within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, costs, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT VII
### State Claim-Battery

55. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

56. Without the consent of Plaintiff, Defendant Officers intentionally, harmfully, and offensively touched Plaintiff when they beat Plaintiff.

57. Plaintiff was damaged by this intentional and unauthorized touching.

58. Defendant Officers conduct that was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

59. The misconduct was undertaken by Defendant Officers within the scope of their employment and under the color of law such that their employer, City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Chicago for compensatory damages, costs, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT VIII
### State Claim – Intentional Infliction of Emotional Distress

60. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

61. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

62. Said conduct included using excessive force against Plaintiff, arresting Plaintiff for no reason and covering up said misconduct.

63. Defendant Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

64. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

65. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

66. As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, costs, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT IX
### Indemnity Claim - 745 ILCS 10/9-102 Against City of Chicago

67. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

68. Defendant City of Chicago is the employer of Defendant Officers.

69. Defendant Officers committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

70. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

71. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff suffered physical and emotional injuries.


WHEREFORE, Plaintiff demands judgment against the City of Chicago for compensatory damages, attorneys fees, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

### COUNT X
### *Respondeat Superior* Liability Against City of Chicago for State Law Claims Against Defendant Officers

72. Plaintiff re-alleges and incorporates all previous paragraphs.

73. Defendant City of Chicago is the employer of Defendant Officers.

74. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

75. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

76. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant City for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,
REILLY JACKSON
By One of His Attorneys:

s/Mary J. Grieb
Mary J. Grieb
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590